IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SANDRA GRAHAM, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-cv-00270-SRB |
| ELN ENTERPRISES, LLC d/b/a MIDWEST CES, et al, | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff's Motion for Remand and Response to Defendants' Notice of Removal. (Doc. #4.) For the reasons discussed below, the motion is GRANTED.

I. **BACKGROUND**

Plaintiff Sandra Graham ("Plaintiff") applied for disability benefits with the Social Security Administration ("SSA"). The Missouri state agency, Disability Determination Services ("DDS"), scheduled Plaintiff to attend a consultative exam ("CE"). DDS arranged for the CE to take place on October 16, 2021.

Matthew Girgis, MD performed the exam on Plaintiff. Defendants ELN Enterprises, LLC d/b/a Midwest CES ("Midwest"), Jacob Johnsen ("Johnsen"), and David Frandsen ("Frandsen") (Midwest, Johnsen, Frandsen collectively "Defendants") allegedly provided Dr. Girgis a short boilerplate form to circle findings by hand and, later, to dictate findings that deviated from the boilerplate form. Co-owner of Midwest CES Jacob Johnsen assembled a final report ("the Report") and submitted it to DDS. Dr. Girgis purportedly did not see nor certify that Report. DDS relied on the Report to deny Plaintiff's claim.

Plaintiff appealed the DDS decision and appeared before an administrative law judge ("ALJ"). The ALJ issued a fully favorable decision on Plaintiff's claim. The ALJ allegedly found the Report unpersuasive, "internally inconsistent," "not consistent with the record as a whole," and lacking a function-by-function evaluation. (Doc. #1-1, p. 5.) Plaintiff then filed suit against Defendants in state court seeking relief stemming from the CE and subsequent Report issued. Plaintiff Petition asserts causes of action against Defendants for 1) Tortious Interference with a Business Expectancy; 2) Damages under the Missouri Merchandising Practices Act; 3) Fraudulent Misrepresentation; 4) Negligent Misrepresentation; 5) Negligence and Negligence Per Se; 6) Defamation; 7) Civil Conspiracy; and 8) Battery by Fraud.

On April 21, 2023, the case was removed to this Court on the grounds of "federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)" and "on federal question jurisdiction pursuant to 28 U.S.C. § 1331." (Doc. #1, p. 3.) Plaintiff filed the instant motion to remand. Defendants oppose. The parties' arguments are discussed below.

**II. LEGAL STANDARD**

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The federal officer removal statute permits a defendant to remove to federal court a state court action brought against the United States, any agency thereof, or any officer or person acting under that officer sued in an official or individual capacity for any act under color of such office." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 145 (2007) (citing 28 U.S.C. § 1442(a)(1)). "When the removing party is not itself a federal officer or agency, § 1442(a)(1) allows removal only if, in carrying out the acts that are the subject of the complaint, the person was acting under

2

any agency or officer of the United States." *Graves v. 3M Co.*, 17 F.4th 764, 768 (8th Cir. 2021) (internal citations and quotations omitted).

"The party opposing remand has the burden of establishing federal subject-matter jurisdiction." *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, and all doubts about federal jurisdiction must be resolved in favor of remand." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015) (citations omitted). However, "the typical presumption against removal does not apply" for matters involving federal officer removal. *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 738 (8th Cir. 2021).

### III. DISCUSSION

Plaintiff argues this case should be remanded to state court because (1) federal officer removal is not warranted and (2) Plaintiff's causes of action do not present substantial federal questions. Defendants disagree.

#### A. Federal Officer Removal is Not Warranted

Plaintiff argues that her "Amended Petition does not support removal, and Defendants cannot establish each element" necessary for removal. (Doc. #4, p. 6.) Defendants argue removal is warranted because they were "enlisted to perform CEs for use in determining eligibility for SSA benefits, a task imposed on the SSA by federal law and one the SSA is otherwise obligated to perform." (Doc. #9, p. 6.)

For a party to successfully invoke federal officer removal under 28 U.S.C. § 1442(a), they must establish that "(1) it acted under the direction of a federal officer; (2) there is a causal connection between their actions and the official authority; (3) they have a colorable federal defense to the claims, and (4) they are 'person[s]' within the meaning of the statute." *Buljic*, 22

3

F.4th at 738. The first element requires "the assistance that private contractors provide federal officers . . . go beyond simple compliance with the law and help officers fulfill other basic governmental tasks." *Buljic*, 22 F.4th at 738 (cleaned up). "A private person 'acting under' a federal officer or agency . . . describes a relationship that typically involves subjections, guidance, or control." *Graves v. 3M Co.*, 17 F.4th 764, 769 (8th Cir. 2021). To satisfy the second element, the removing party must show "a causal connection between the charged conduct and asserted official authority." *Id.*

Here, the Court agrees with Plaintiff. This Court finds that Defendants failed to satisfy elements one and two. Defendants allege they performed official duties in conducting a CE as directed by the SSA. Defendants essentially argue that because DDS administers disability claims for SSA and Plaintiff was ordered by DDS to attend a CE, Defendants were thus acting under the direction of SSA. However, Defendants have produced no evidence of a contractual relationship with SSA, or that SSA required the selection of the consultative examiner, Dr. Girgis. Rather than being under the direction of the SSA, Defendants' duties and responsibilities result from their contractual relationship with the DDS, a state agency. Defendants' reliance on the consultative exam directions in § 404.1517 and other portions of the regulatory code does not provide support for their claim of "acting under" a federal superior.

The second element of the federal officer removal statute, causal connection, requires a connection between the charged conduct and the asserted official authority. *Graves*, 17 F.4th at 764. The causal connection element stems from the § 1442(a)(1) requirement that the person seeking removal is being sued for or relating to any act under color of such office. Plaintiff maintains there was no connection in this case. Defendants counter that a "clear connection and association exists between the act in question—Plaintiff's CE—and the SSA, under whose

4

Case 4:23-cv-00270-SRB   Document 14   Filed 05/25/23   Page 4 of 7

authority and for whose benefit that CE was performed." (Doc. #9, p. 11.) Here, the Court agrees with Plaintiffs.

Even though the SSA renders decisions regarding claims for disability benefits, Plaintiff's claims arise from alleged negligence by Defendants in the process and performance of consultative exams. Defendants had discretion in deciding the procedures for those exams, therefore they were not "acting under" a federal officer or agency. *Dyer v. Crowley Logistics, Inc.*, 2022 WL 16636233, at *3 (W.D. Mo. 2022) (holding that removal is not warranted if the plaintiff's claims arise from delivery-related injuries and if the private company had discretion in deciding how to get the package to its destination on time). Though contractors that DDS enlists to assist in carrying out its state functions may agree to abide by SSA's rules and regulations, Defendants have not produced caselaw to demonstrate that is sufficient to create a causal connection between the charged conduct and asserted official authority. The alleged conduct in Plaintiffs' Petition is not connected or associated in any manner with the directions of a federal officer. No federal officer directed Defendants to conduct the CE nor complete the report in the way they did.

This finding is sufficient to remand this action to state court without discussion of the remaining elements. *Doe, I v. BJC Health System*, 2023 WL 369427, at *5 (E.D. Mo. 2023) (following the "causal connection" requirement). As a result, it is unnecessary to address the remaining arguments of the parties except to clarify that Defendant's arguments as to a "causal connection" were insufficient. *Crowley Logistics*, 2022 WL 16636233, at *3.

B. **Federal Question Presented**

Plaintiff argues that "Defendants have not explained how Plaintiff's actual claims (as opposed to Defendants' affirmative defense here) raise an actually disputed and substantial

federal issue." (Doc. #13, p. 9.)  Defendants counter that "Plaintiff's dependence on federal law permeates [her] allegations such that [her] claims cannot be adjudicated without reliance on, and explication of the federal laws and regulations."  (Doc. #9, p. 19.)

The well-pleaded complaint rule "makes the plaintiff the master of the claim" so that "he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts."  *Id*. at 258 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

Here, the Court agrees with Plaintiff.  Plaintiff's Petition asserts only state law claims, raises no allegations related to federal law, and seeks no relief under federal law.  Defendants have not explained how Plaintiff's claims raise a disputed and substantial federal issue. Though Defendants reference many federal regulations that apply to the CE process, this alone does not confer federal jurisdiction.  *Sexton v. Potterfield*, 2018 WL 5928060, at *2 (W.D. Mo. Nov. 13, 2018) ("To the extent Plaintiffs have a claim for fraud, it is clear that it does not arise under federal law, and Plaintiffs cannot confer federal jurisdiction by simply making references to federal statutes.")  Defendants were not subject to any federal directive and no issues of federal law or national concern have been raised which would require resolution by a federal court.

6

There is no evidence demonstrating jurisdiction pursuant to the federal officer removal statute 28 U.S.C. § 1442(a) or federal question under 28 U.S.C. § 1331; therefore, Defendants have failed to satisfy their burden of establishing federal subject matter jurisdiction.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Remand and Response to Defendants' Notice of Removal (Doc. #4) is **GRANTED. IT IS FURTHER ORDERED** the Clerk of the Court is directed to REMAND this case to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: May 25, 2023